UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CIVIL ACTION NO. 3:23-CV-00069-GFVT-EBA

DOUGLAS VERNON, PLAINTIFF,

V. **REPORT AND RECOMMENDATION**

HUNTER FRANK, *et al.*, DEFENDANTS.

*** *** *** ***

By prior order, Plaintiff Douglas Vernon was directed to file a status report and proof of service that the Defendants in this matter have been properly served with a copy of the Complaint and summons by August 2, 2024. [R. 18]. The Plaintiff was then provided with an extension to file this status report and proof of summons by August 21, 2024. [R. 23]. Since then, however, Vernon has not filed a status report or proof of service. The undersigned then ordered Plaintiff Vernon to show cause by September 13, 2024, why this action should not be dismissed for failure to abide by the Court's previous order. [R. 24]. Afterwards, the mailed copy of the Court's Order was returned as undeliverable due to the recipient having no mail receptacle. [R. 25]. The September 13, 2024, deadline has since elapsed, and Vernon has failed to show cause why this action should not be dismissed. Additionally, the undersigned directed the parties to file status reports to indicate how much time would be required to conduct discovery in this matter. [R. 26]. Defendant Lilly's Towing has since done so. [R. 28]. However, the mailed copy of the Court's Order that was sent to the Plaintiff was once again returned as undeliverable [R. 27] and Plaintiff has since not filed his own report with the Court.

Pursuant to FED. R. CIV. P. 4(c)(1), "[a] summons must be served with a copy of the complaint. ***The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)*** and must furnish the necessary copies to the person who makes service." (emphasis added). Additionally, "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). As the Sixth Circuit has explained, "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). The Sixth Circuit has also stated,

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff."

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citations omitted).

When determining whether a case should be dismissed for failure to prosecute, the Court may consider "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

"With respect to the first and third factors, a court may consider a party's failure to act in the face of a clear prior warning from the court that the case would be dismissed as an indication of willful noncompliance." *Miller v. Brummett*, No. CV 6:20-176-WOB, 2023 WL 5029885, at *2 (E.D. Ky. Aug. 7, 2023) (citing *Lovejoy v. Owens*, 1994 WL 91814, at *2 (6th Cir. March 21, 1994)). Finally, it is true that *pro se* litigants are afforded a degree of leniency in legal proceedings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Sixth Circuit has found that no special consideration should be granted to *pro se* litigants when they fail to comply with readily comprehended court orders and "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir.1980)). Finally, Local Rule 5.3(e) holds that "[a]ll pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. ***Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions***." (emphasis added).

Here, Vernon was able to serve Defendant Lilly's Towing [*see* R. 20] but has been unable to serve Defendant Hunter Frank. Plaintiff has been given multiple extensions to complete this service and was directed to file status reports with the Court to keep it apprised of the efforts to complete service on the Defendants. [*See* R. 9; R. 11; R. 14; R. 18; R. 23]. The latest extension gave Plaintiff until August 21, 2024, to effect service on Defendant Frank and to file a status report on his efforts to do so. [R. 23]. However, Vernon failed to do so, and he was directed to show cause as to why this case should not be dismissed. [R. 24]. Additionally, Plaintiff was directed to submit a status report with the undersigned to indicate how long discovery would take place in this matter. [R. 26]. Vernon has failed to respond to either of the Court's orders. Plaintiff's failure to

comply with the undersigned's multiple orders demonstrates willful noncompliance with this Court's mandates and directives. Further, these multiple extensions and Vernon's failure to comply with the Court's orders have delayed the progression of these proceedings and have prejudiced the Defendants' ability to counter his claims. *See Miller*, 2023 WL 5029885 at *2. It has also been approximately three months since Vernon filed a pleading with this Court [*see* R. 19] and he has taken no action in recent months to prosecute or advance this case. Therefore, Vernon's inaction indicates that he does not intend to proceed in this matter and the imposition of lesser sanctions, such as monetary or other penalties, would not likely help to advance these proceedings. Therefore, these factors weigh in favor of dismissing Plaintiff's claims against the Defendants. Finally, Vernon has failed to keep the Court apprised of the change in his address in violation of LR 5.3(e), as indicated by the multiple orders that have been mailed to him and have been returned as undeliverable. [*See* R. 25; R. 27]. Based on Vernon's inaction and failure to comply with the Court's orders and the local rules, dismissal of his Complaint is appropriate in this matter. Accordingly, having reviewed the matter and being otherwise sufficiently advised,

IT IS RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the Court's docket.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v.*

*Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed October 16, 2024.

**Signed By:**
***Edward B. Atkins*** EBA
**United States Magistrate Judge**